## Holmes *v.* Lewis, Appellant.

*Landlord and tenant—Proceedings to recover possession—Affidavits as to title—Act of March 21, 1772, 1 Sm. L. 373; Act of March 22, 1814, 6 Sm. L. 176.*

In a proceeding by a landlord against a tenant to recover possession under Section 12 of the Act of March 21, 1772, 1 Sm. L. 373, the tenant is not entitled to have the proceedings removed from the jurisdiction of the two justices to the Court of Common Pleas, upon filing an affidavit which merely avers that the affiant holds the premises as the tenant of "a tenant in common with" the landlord, without any averment as to how the title or right to possession of such tenant in common had come in one of the ways provided by the Act of 1772, since the commencement of the lease.

The Act of March 22, 1814, 6 Sm. L. 176, did not take from the affidavit required by the earlier act any or all of the essentials provided for therein.

Argued March 4, 1918. Appeal, No. 39, March T., 1918, by defendant, from order of C. P. Susquehanna Co., Aug. T., 1917, No. 53, dismissing appeal from justice of the peace in case of Mary D. Holmes v. Ralph L. Lewis. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Appeal from judgment of two justices of the peace in proceedings to recover possession under Section 12 of the Act of March 21, 1772, 1 Sm. L. 373.

From the record it appeared that the tenant filed an affidavit the material portions of which were as follows:

2. I allege that the title to the said land and tenements in question is disputed and claimed by some other person, to wit: Ethel M. Resseguie, of South Gibson, Susquehanna County, Pennsylvania, by virtue of a right or title accrued or happening since the commencement of my lease with Mary D. Holmes, within the meaning and equity of Section 13 of the Act of March 21, 1772, P. L. 1700, Page 374.

3. I aver that I now hold possession of the said land and tenements, not as the tenant of the said Mary D. Holmes, but as the tenant of the said Ethel M. Resseguie by lease executed the twentieth day of February, 1917, and that I have been in possession under authority of the said lease since April 1, 1917.

4. Said premises in dispute in the above proceedings are holden and claimed by me under the said Ethel M. Resseguie, a tenant in common with Mary D. Holmes, the person claiming possession, and I verily believe that the premises in dispute do not exceed in quantity or value the just proportion of a tenant in common by or under whom the premises are holden or attempted to be holden.

67, (1918).] Assignment of Error—Opinion of the Court.

The justices entered judgment against the tenant. He thereupon appealed to the Common Pleas.

*Error assigned* was order dismissing the appeal.

George W. Maxey, with him *William A. Titsworth,* for appellant, cited: Neumoyer v. Andreas, 57 Pa. 446; Steele v. Thompson, 3 P. & W. 34; Newell v. Gibbs, 1 W. & S. 496.

*J. M. Kelly,* for appellee, cited: Koontz v. Hammond, 62 Pa. 177; Cummings v. Young, 6 Montgomery County, Rep. 161.

OPINION BY HEAD, J., July 10, 1918:

Whilst we have before us nominally an appeal we have in fact a writ of certiorari. In such a case we cannot well surcharge the record with statements of fact to be drawn only from the history of the case or the argument of counsel. The proceeding was begun by a landlord who sought to avail herself of the ancient remedy provided by the Act of 1772, 1 Sm. Laws 373, Stewart's Purdon 2189, pl. 31. Her complaint set forth every necessary fact to ground the jurisdiction of the tribunal created by the statute. That this act has remained so long on our statute books undoubtedly signifies the remedy therein provided has been found to be adequate and protective of the just rights of both landlord and tenant. In the present case the defendant lessee had been duly summoned. A jury of the vicinage had been assembled and everything contemplated by the statute had been done to try out the questions raised by the complaint. Whilst the act was declaratory of the universally recognized principle, that a tenant who had entered into possession of the demised premises under a lease from a landlord, could not be heard to deny the title of the landlord; yet it is also true it was not contemplated the tribunal created by the Act of 1772 was empowered to try an action of ejectment. The statute therefore contained this pro-

viso, which would oust the jurisdiction of the justices and automatically transfer the case to the Court of Common Pleas: "Provided that if the tenant shall allege that the title to the lands......in question, is disputed and claimed by some other person, whom he shall name, in virtue of a right or title accruing since the commencement of the lease, by descent, deed, or from or under the last will of the lessor, etc.......then and in such case, and not otherwise, the said justices shall forbear to give judgment." It is thus apparent, from the language of the statute, it was not intended that a tenant, by swearing merely to a legal conclusion, could oust the jurisdiction of the tribunal by it created. His affidavit must contain such facts as would give him a colorable right at least to hold the possession of the demised premises even against the demand of the landlord under whom he acquired such possession.

In Cunningham v. Gardner, 4 W. & S. 120, Mr. Justice Huston said: "The only matter which requires notice, and that is only required to put it at rest, is the attempt of the tenant to withdraw the case from the jurisdiction of the justices and inquest on his own appeal, etc. If this were allowed, there would be found many a tenant who would swear, and could give security too, and the object of the law would be defeated; the tenant would hold until the cause might be reached in the course of the court some years after. The answer is, the law only gives this appeal to a third person claiming by descent or purchase or devise from the lessor, since the date of the lease." In Koontz v. Hammond, 62 Pa. 177, Mr. Justice Sharswood said: "Under the Act of 1772 it is only when the tenant shall allege that the title is claimed by some person in virtue of a right accrued since the commencement of the lease by descent, deed, or from or under the last will of the lessor, that the process before the two justices is arrested and the contention removed to the court." Citing Cunningham v. Gardner, supra. If we look only at the original statute, a reading of the

affidavit filed by the appellant before the magistrates clearly shows it could not have been sufficient to destroy their jurisdiction and transfer it to the Court of Common Pleas.

The Act of 22d March, 1814, 6 Sm. Laws 176, Stewart's Purdon, Ibid pl. 32, in our judgment, does not aid the appellant. It was not the intention of the later act to take from the affidavit required by the earlier one any or all of the essentials provided for therein. There may or may not have been a doubt as to whether a tenant in common was within the class of third persons contemplated by the Act of 1772, and we agree the later statute resolved that question in favor of such tenant in common. But unless the title or right of possession of such tenant in common had come in one of the ways provided by the act since the commencement of the lease, it furnishes no protection to a tenant who refused, after the expiration of his term, to surrender the possession acquired under the lease.

The proceeding therefore had no proper place on the record of the Court of Common Pleas and that court was well within its rights in directing it to be stricken therefrom. We are all of opinion the assignments of error should be overruled.

Order affirmed.